## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGELENA SULLIVAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 21-40078-TSH** |
| PRE HOLDINGS, LLC, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### February 3, 2022

Hennessy, M.J.

By Order of Reference dated October 20, 2021, pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket #11), this matter was referred to me for a report and recommendation on Defendant Pre Holdings, LLC's motion to dismiss count II of the complaint (Docket #6).  Plaintiff Angelena Sullivan has filed an opposition (Docket #8) and a supplemental opposition to the motion (Docket #9).  This matter is now ripe for adjudication.  For the reasons that follow, I recommend that the motion to dismiss count II (Docket #6) be DENIED.

I.      BACKGROUND

Pre Holdings owns real estate located at 42 Pakachoag Street in Auburn, Massachusetts (the "Property").  (Complaint at ¶ 4).[1]  Sullivan and four family members signed a lease/purchase agreement (the "Agreement") which allowed the tenants to rent the Property with an option to purchase.  (Id. at ¶ 6).  Once the Agreement terminated, Sullivan and her family continued as month-to-month tenants.  (Id. at ¶ 7).

---

[1] The Complaint is available at Docket #10 pages 13 through 15.

During her tenancy, Sullivan repeatedly gave notice to Christopher Prefontaine, the co-manager of Pre Holdings, that the wooden stairs leading to her home were defective. (Id. at ¶¶ 3, 9, 11). Pre Holdings failed to repair the wooden stairs. (Id. at ¶ 10).

On April 3, 2018, Sullivan fell on the wooden stairs leading to her home and suffered injuries requiring hospitalization and multiple surgeries. (Id. at ¶¶ 11, 13).

On March 11, 2021, Sullivan filed the instant action in Worcester Superior Court asserting claims of negligence and breach of the covenant of quiet enjoyment against Pre Holdings.[2] (Docket #10 at 12-15). Pre Holdings removed the action to this court on July 26, 2021 on the basis of diversity jurisdiction. (Docket #1). On August 9, 2021, Pre Holdings filed the instant motion seeking to dismiss the claim of breach of the covenant of quiet enjoyment. (Docket #6).

II.    STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment."[3] Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official

---

[2] Christopher Prefontaine and Kimberly Prefontaine, the co-managers of Pre Holdings, were also named in the complaint but were voluntarily dismissed on August 9, 2021. (Docket #7).

[3] Although Sullivan attached her affidavit to her first opposition to the motion, the undersigned did not consider it and therefore decides the motion pursuant to the standards applicable to a Rule 12(b)(6) motion to dismiss rather than those of a Rule 56 motion for summary judgment.

public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).   Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted).  The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007).  Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555).  "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

III.     ANALYSIS

Pursuant to Mass. Gen. Laws ch. 186, § 14, "any lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant" is subject to liability. "This statutory cause of action incorporates the common law claim for breach of the implied covenant of quiet enjoyment." Baker v. Equity Residential Mgmt., L.L.C., 390 F. Supp. 3d 246, 256-57 (D. Mass. 2019). "Thus, 'during the rental of any residential premises, there exists an implied covenant and a statutory right of quiet enjoyment.'" Id. (quoting Jablonski v. Casey, 64 Mass. App. Ct. 744, 747 (2005)). This "right of quiet enjoyment protects a tenant from 'serious interference' with the tenancy, meaning any 'acts or omissions that impair the character and value of the leasehold.'" Goreham v. Martins, 485 Mass. 54, 66 (2020) (quoting Doe v. New Bedford Hous. Auth., 417 Mass. 273, 285 (1994)).

To establish liability under the covenant of quiet enjoyment, a plaintiff need not show that the landlord acted intentionally. Al-Ziab v. Mourgis, 424 Mass. 847, 850 (1997). "Rather, liability under the covenant requires only 'a showing of at least negligent conduct by a landlord.'" Goreham, 485 Mass. at 66 (quoting Al-Ziab, 424 Mass. at 850-51). "The key inquiry is whether the serious interference with the tenancy is a 'natural and probable consequence of what the landlord did, what he failed to do, or what he permitted to be done.'" Id. (quoting Doe, 417 Mass. at 285). Thus, a landlord is liable for breach of the covenant of quiet enjoyment where the landlord

had notice of an interfering condition and failed to take appropriate corrective measures.  <u>Baker</u>, 390 F. Supp. 3d at 257; <u>Goreham</u>, 485 Mass. at 67.

       Citing to <u>Goreham v. Martins</u>, Pre Holdings asserts that Sullivan has failed to allege a claim for breach of the covenant of quiet enjoyment.  (Docket #6 at 2).  In <u>Goreham</u>, the plaintiff, a second-floor tenant of a three-family home, slipped and fell on ice in the driveway adjacent to the premises, severely injuring himself.  <u>Goreham</u>, 485 Mass. at 55.  The premises had two entrances: a main entrance at the side of the building which led out to a few steps ending at a sidewalk and a fire escape located at the rear that led out onto the driveway.  <u>Id.</u> at 56.  The plaintiff-tenant used only the rear fire escape because it was easier to enter and exit his apartment that way.  <u>Id.</u> Following a trial at which the jury found the landlords negligent, but the judge precluded recovery based on the plaintiff-tenant's greater comparative negligence, the plaintiff-tenant appealed.  The SJC held that comparative negligence is inapplicable to claims brought under the statutory covenant of quiet enjoyment.  <u>Id.</u> at 68.  However, the SJC determined that, "based on the facts of this case," the plaintiff-tenant could not prevail on his claim of breach of the covenant of quiet enjoyment.  <u>Id.</u> at 55-56.  The SJC held that no reasonable finder of fact could conclude that the temporary loss of the driveway due to icy conditions as a safe means of egress to the sidewalk seriously interfered with the plaintiff-tenant's tenancy where the premises had a main entrance that led to a few steps which ended at the sidewalk.  <u>Id.</u> at 68.

       Pre Holdings argues that Sullivan's claim for breach of the covenant of quiet enjoyment must be dismissed as she has not alleged that the defective stairs impeded her access to or egress from the Property.  (Docket #6 at 2).  However, the complaint does allege that Sullivan utilized the defective stairs and in so doing injured herself.  Thus, it is implicit in the complaint that the

defective stairs interfered with Sullivan's access to and egress from the Property.[4]  The seriousness

of this interference and hence its materiality is a question of fact that is not subject to resolution at

this juncture and thus dismissal of this claim is not appropriate.  See Jablonski v. Casey, 2003

Mass. App. Div. 203, 206 n.10 (2003) (noting that the existence of a material interference with the

covenant of quiet enjoyment is a question of fact that is to be determined by the circumstances of

each case); cf. Goreham, 485 Mass. at 55-56 (limiting its determination that plaintiff-tenant could

not recover damages for a breach of the statutory covenant of quiet enjoyment to "the facts of this

case").

IV.    CONCLUSION

        For the foregoing reasons, I hereby RECOMMEND that the motion to dismiss count II of

the complaint (Docket #6) be DENIED.[5]


                            /S/ David H. Hennessy
                            David H. Hennessy
                            UNITED STATES MAGISTRATE JUDGE

---

[4] I note that, unlike in Goreham, here there is no allegation that there was a separate safe means of ingress to and egress from the Property or that the interference, i.e. the defective condition of the staircase, was temporary due to seasonal conditions.

[5] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).